12-2543-cv
*Ceparano v. United States, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand thirteen.

PRESENT: RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges,*
ALISON J. NATHAN,
*Judge.*[*]

_____

DOROTHY CEPARANO,

*Plaintiff-Appellant,*

-v.-                                    12-2543-cv

UNITED STATES OF AMERICA,

*Defendant-Appellee,*

TOM PINKOWSKI, WELLS FARGO & CO.

*Defendants.*

_____

[*] Judge Alison J. Nathan, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:     JEFFREY HERZBERG, Zinker & Herzberg, LLP, Smithtown, NY.

FOR APPELLEES:     THOMAS A. McFARLAND, Assistant United States Attorney (Varuni Nelson, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Central Islip, NY.

Appeal from the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal be **DISMISSED** and the case be **REMANDED** with instruction to dismiss the case for lack of subject matter jurisdiction.

Plaintiff-Appellant Dorothy Ceparano ("Dorothy") appeals the July 21, 2011, opinion and order of the United States District Court for the Eastern District of New York (Spatt, *J.*) dismissing her quiet-title action for failure to state a claim. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

At oral argument we, *sua sponte*, questioned whether the Court had subject matter jurisdiction and solicited the parties' views on the matter. Both parties submitted letter briefs concluding that the Court did not have subject matter jurisdiction; we agree. Dorothy brought this declaratory

2

judgment action to quiet title to her home after she had sold it. She did so to preclude the United States from seizing the net proceeds of that sale. Her action, however, begs the question whether the United States currently has a valid claim to those proceeds. Until the United States attempts to establish a lien on the proceeds, Dorothy's action seeks only an advisory opinion with regard to the possibility that the United States at some later date will assert a lien. This is not a case or controversy in which the United States would be a proper party to quiet title to property or proceeds as no claim has, as of yet, been asserted against it by the United States. *See* 28 U.S.C. §§ 2409a, 2410; *see also Johansen v. United States*, 506 F.3d 65, 69-70 (1st Cir. 2007).

Accordingly, for the foregoing reasons, this appeal is **DISMISSED** and the case is **REMANDED** with instruction to dismiss the case for lack of subject matter jurisdiction.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

3